### BLESSING ET AL. *v.* BLAIR.

RIPARIAN RIGHTS.—*Diversion of Water-Course.—Immaterial Issue.*—Where the gravamen of an action is the diversion of water from its natural and usual channel, thereby depriving the plaintiff of the use of the water in carrying off slop and offal from his distillery, an issue tendered that the water was diverted for the purpose of depriving the plaintiff of its use for carrying off the slops, etc., and to cause the same to accumulate below and around the distillery, in order that the plaintiff might be liable to a prosecution for maintaining a nuisance, is an immaterial one.

DEMURRER.—*Unavailable Error.*—Where a demurrer has been overruled to a paragraph of an answer, but the verdict of the jury is for the plaintiff, and

.against the defendant, on that paragraph, the plaintiff is not prejudiced by the ruling on demurrer.

PRACTICE.—*Bill of Exceptions.*—Evidence cannot be made a part of a bill of exceptions by reference to certain pages of the transcript where it may be found, although written in the record by the clerk as indicated.

From the Decatur Circuit Court.

*S. Major, E. H. Davis, C. Wright,* and *B. F. Love,* for .appellants.

*K. M. Hord, L. J. Hackney,* and *A. Blair,* for appellee.

OSBORN, J.—The appellants sued the appellee for divert- ·ing the water of Little Blue river from its accustomed chan- nel, where it had flowed immemorially through their land, ·on which was erected a distillery and hog pens in which to feed hogs the slop from the distillery. It is alleged in the complaint that there were drains on the appellants' land, · which conducted the offal from the pens into the river, whence it was floated by the water down the river; that the appellee constructed across the river, above the plaintiffs' land, an obstruction which totally diverted the water into another channel and away from the distillery, whereby the offal was not carried off down the river, but accumulated on appellants' land. They demanded five thousand dollars dam- ages. The appellee filed an answer of five paragraphs, one of which was a general denial. Three of them were stricken out on motion of the appellants. A demurrer was filed to the fourth and overruled, to which ruling an exception was taken. An issue of fact was then formed upon that paragraph. The cause was tried by a jury, who found for the plaintiffs and assessed their damages at one cent. They filed a motion for a new trial, which was overruled; time was given to file a bill of exceptions, and judgment was rendered on the verdict.

The causes for a new trial were, that the verdict was con- trary to and not sustained by the evidence, that it was con- trary to law, error of the court in overruling the demurrer to the fourth paragraph of the answer, in allowing the appel- lee to introduce certain evidence over their objection, in refusing to give to the jury certain instructions asked by

them, and in giving others by the court to the jury; error in the assessment of the damages was not stated as a cause for a new trial.

The only valid errors assigned are in overruling the demurrer to the fourth paragraph of the answer, and overruling the motion for a new trial.

The fourth paragraph of the answer is an answer to all that is material in the complaint. There are allegations which it does not purport to answer, but they are not material and should have been struck out on motion.

The gravamen of the action was the diversion of the water from its natural and usual channel, thereby depriving the appellants of the benefits and use of the water for the distillery and hog pens. Such use and benefits of the water consisted in carrying the offal, slops, etc., down the stream and away from the distillery and pens. The issue tendered by the allegation that the water was diverted for the purpose of depriving the appellants of its use in carrying off the slops and offal, and to cause the same to accumulate below and around the distillery and hog pens, in order that the appellants might be liable to prosecution for maintaining a nuisance, was an immaterial one.

The verdict of the jury was for the appellants and against the appellee on the fourth paragraph. We need not, therefore, inquire into the sufficiency of that paragraph, as it is clear that the appellants are not prejudiced by it.

The appellee raises the question and insists that the bill of exceptions does not include the evidence or the instructions of the court. The objection is well taken, consequently no question arises on the error assigned for overruling the motion for a new trial.

The bill of exceptions commences: "Be it remembered that on the ———— judicial day of the Decatur Circuit Court, the above entitled cause came on for trial by a jury, and the plaintiffs, to maintain the issues on their part, introduced the following named witnesses, who deposed as hereinafter set forth, touching the issues in said cause, viz.: (See pages

Blessing *et al. v.* Blair.

61 to 129 inclusive.)" It then recites that after the plaintiffs had closed their case, the defendant "introduced the witnesses and evidence hereinafter given, viz.: (See pages 132 to 224, inclusive.)" The rebutting evidence and instructions of the court are stated in the same way. None of the evidence or the instructions are set out in the bill. The judge signed the bill in that condition. It was a mere skeleton.

After the judge's signature follows what purports to be an agreement between the counsel in the cause, that the clerk, at the proper places in the record of the evidence, shall insert all the evidence introduced by either party, and then follows what purports to be the evidence and instructions to the jury. That does not make it a part of the bill of exceptions. It is nothing but the statement of the clerk. It does not even purport to be a part of the bill of exceptions. If the clerk had copied the evidence into the bill in the proper place, it would have appeared on its face to have been there when it was signed by the judge. We need not decide whether it could have been stricken out on proof of the facts. The practice adopted is not to be commended. The agreement that the clerk should copy the evidence into the record did not in any manner identify the evidence to be copied. It provided that he should copy all the evidence introduced, and then left it for him to determine what the evidence was. The record shows on its face that the evidence and instructions copied by the clerk form no part of the bill of exceptions. *Stewart* v. *Rankin*, 39 Ind. 161, is precisely in point. The only difference between that case and the one under consideration is, that in this there was an agreement that the evidence and instructions might be copied into the bill. That, however, was not done, and we cannot say that what the clerk has copied into the record as evidence was the evidence in the case. We can only know that by what appears in the bill of exceptions under the signature of the judge. *Goodwine* v. *Crane*, 41 Ind. 335.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.