Filed April 14, 1896.

No. 1,868.

## LEVI ET AL. *v.* ALLEN.

APPELLATE PROCEDURE.—*Conflicting Evidence.*—If the evidence is conflicting, the determination of the trial court will not be disturbed on appeal.

EVIDENCE.—*Burden of Proof.*—In an action for goods sold and delivered, the burden is on the plaintiff to prove an absolute sale.

CONTRACT.—*Sale of Goods.—Agency.—Recovery.*—One who receives goods under an arrangement with a salesman that the goods are to be sold by him, the sendee, and paid for as sold, the goods, however, to remain the property of the sender until sold, is not liable to the sender for the unsold goods.

SPECIAL FINDING.—*Failure to Find Certain Facts.*—The absence of a finding upon certain facts in issue is equivalent to a finding against him who has the burden of proving them.

HARMLESS ERROR.—*Overruling Demurrer.—Answer.—Special Finding.*—A party cannot be harmed by the overruling of a demurrer to an answer which the court by its special finding declares untrue.

SAME.— *Overruling Demurrer. – Answer.—* The overruling of a demurrer to a paragraph of the answer is harmless to plaintiff where neither the judgment nor any conclusion of law is based thereon.

From the Washington Circuit Court.

*Alspaugh & Lawler,* for appellants.

*Zaring & Hottel,* for appellee.

GAVIN, C. J.—Appellants sued appellee for goods sold and delivered. The case was tried upon answer

of general denial and several special pleas. The court found the facts specially, with conclusions of law in favor of appellee, upon which judgment was rendered over a motion for a new trial.

It is not disputed that the goods were shipped to and received by appellee.

His theory of the case is that appellants' salesman tried to sell him goods, but he refused to buy; that the salesman then proposed to put goods into his store, to be sold by him for appellants, and to be paid for as sold, certain discounts being allowed on payments made within a certain time, the goods to belong to appellants until sold; that a few days afterward, being in Louisville, he called at appellants' store to make their acquaintance, as the salesman had requested him to do; that he then informed appellants of the arrangement made with the salesman and expressed his doubts as to its wisdom; but the amount of the bill was reduced from about $800.00 to $433.00, and the goods were shipped to him under the contract with the salesman.

Appellants' version is that appellee came to see them in person, in response to a letter asking as to his financial condition; that the first order or bill was mutually abandoned and canceled because they refused to fill it, and that appellee then and there, after examination and inspection of samples, selected and purchased the goods shipped. It must be admitted that there is much in appellee's conduct, letters and statements which corroborates appellants' version of the deal; but yet appellee testifies squarely to his theory, and explicitly denies any inspection of samples, selection of goods, or purchase at Louisville, or any modification of the original arrangement, except as to the quantity of goods to be sent him.

The trial court determined the conflict in appellee's

favor, and this determination—where there is, as here, a conflict—must be by us regarded as final. *DePauw University* v. *Smith,* 11 Ind. App. 313.

The burden was upon appellants to prove an absolute sale. The finding of the court expressly shows that appellee did not buy the goods, but that they were forwarded to him, under the arrangement with the salesman, to be sold by appellee, "the goods, however, to be and remain the property of plaintiff until sold," and that only $100.00 worth of the goods were sold; that this amount has been paid to appellants by appellee, who has also offered to return the remainder of the goods.

Under the facts thus found, appellants were clearly not entitled to recover.

Complaint is made of the court's action in overruling the demurrer to the third paragraph of answer. Appellants insist that this is either an answer of breach of warranty or claiming a recision, while appellee argues that it sets up a conditional sale. The answer, in our opinion, plainly admits an absolute purchase with a warranty, of which it avers a breach. Viewing it thus, whether it be considered as merely setting up the damages occasioned by the breach or seeking or averring a recision, the special finding is as to the issue presented by it, in appellants' favor. As to facts averred in this answer, the burden was upon appellee. The absence of a finding upon the facts therein contained is equivalent to a finding against appellee as to such facts. *Sult* v. *Warren School Tp.,* 8 Ind. App. 655; *Shipps* v. *Atkinson,* 8 Ind. App. 505.

There is in the finding nothing whatever to indicate any warranty.

Appellants could not be harmed by the overruling of the demurrer to an answer which the court, by its

special finding, declares untrue. *Souders* v. *Jeffries*, 98 Ind. 31; *Bartlett* v. *Pittsburg, etc., R. W. Co.*, 94 Ind. 281.

Even were the answer found to be true, the appellant would be entitled, upon his exceptions, to the correct conclusion of law thereon, and under the decisions the error would be harmless. *Scanlin* v. *Stewart*, 138 Ind. 574; *Woodward* v. *Mitchell*, 140 Ind. 406.

So far as the findings are favorable to appellee, they are based upon facts provable under the general denial. The defense established by the facts set forth is in direct denial of the case counted upon by the complaint and sustained by appellants' evidence. *Crum* v. *Yundt*, 12 Ind. App. 308.

The conclusions of law and judgment must, therefore, necessarily be founded on pleading other than this third paragraph. No error can be predicated then upon the ruling. *Springfield Engine, etc., Co.* v. *Kennedy*, 7 Ind. App. 502.

We may add that we have searched the record carefully and are unable to find any demurrer to this paragraph, although our decision has not been based upon its absence, but we have considered the questions as though the record showed the paragraph duly tested by proper demurrer.

Judgment affirmed.

Filed April 16, 1896.