William BALLINGER, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 3571.

Supreme Court of Wyoming.

Feb. 9, 1968.

John E. Stanfield, Laramie, for appellant.

James E. Barrett, Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

William Ballinger was convicted of three separate offenses of maliciously perpetrating an assault and battery upon a human being while armed with a dangerous or deadly weapon.

The offenses of assault and assault and battery were treated as constituting lesser included offenses in the primary charge of aggravated assault and battery with a deadly weapon. The jury found Ballinger guilty of the most serious offense in all three cases. The court sentenced Ballinger for a term of not less than two years and not more than four years, as to each conviction, said sentences to run concurrently. He now appeals from said verdicts, judgments and sentences.

The defendant's court-appointed attorney who has presented the appeal to us did not participate in the trial of the case. Most of his argument is in the nature of argument to the jury, it being indicated that if defendant's present attorney had handled Ballinger's defense he would have done it differently.

Apparently it is difficult for counsel to understand why and how the jury convicted Ballinger of aggravated assault and battery with a deadly weapon. But the jury did do so, and our estimate of the evidence of guilt in all three cases is

not only that it was substantial but that it was conclusive and uncontradicted.

Therefore, without attempting to answer all of counsel's criticism of the jury's verdict, we will confine our remarks to the four grounds for reversal which counsel advances on behalf of the defendant. These grounds are:

(1) That the district court erred in denying a motion for new trial made by defendant.

(2) That the district court erred by giving an inadequate and incorrect instruction on malice.

(3) It was error for the trial court not to instruct on circumstantial evidence.

(4) The court erred in the giving of a supplemental instruction pertaining to lesser included offenses.

(1) With respect to defendant's motion for new trial, which was made after conviction, it was predicated on newly discovered evidence. Defendant's claim is that the State impounded Ballinger's automobile after the shooting and as a consequence neither defendant nor his attorney was able to see it until after conviction. When the car was released, defendant claims, extensive blood stains were discovered on the hood; a medical technician "indicated" there were also stains from nasal mucous or saliva; and Dr. John A. Knebel "would apparently" testify he observed powder burns on the mouth of James Hepp at the hospital.

Inasmuch as one of the victims of defendant's shooting, James Hepp, had been shot twice in the mouth and had bled profusely from his wounds, it is reasoned that possibly Hepp was not nine feet from defendant's car when shot, as Hepp had testified; that instead, possibly Ballinger and Hepp had struggled for the gun and Ballinger may have acted in self-defense. Ballinger claimed at the trial, and he has not departed from such claim, that he cannot remember what happened at the time of the shooting.

The trial judge denied the motion for new trial and stated as a reason for so doing that defendant had not used due diligence in discovering the new evidence sooner. When counsel for defendant protested that the county attorney would not let him see the automobile, the judge suggested a court order could have been obtained if necessary.

In Opie v. State, Wyo., 422 P.2d 84, 85, we approved the requirement that in order to justify a new trial, it must be shown there was no lack of due diligence in not discovering the alleged newly discovered evidence sooner. In addition, at 422 P.2d 85, we approved the rule that the action of the trial court in denying a new trial shall not be challenged except for an abuse of discretion.

We find no abuse of discretion in the denial of Ballinger's motion for new trial. But even more persuasive to us is the fact that the alleged newly discovered evidence is not so material that it, in the light of testimony at the trial, would probably produce a different verdict at a new trial. It was made clear in the *Opie* opinion, at 422 P.2d 85 and 87, that this is sufficient reason for denying a motion for new trial.

According to Ballinger's own testimony and the testimony of other witnesses, Ballinger himself had been bleeding profusely after being forcibly ejected from the American Legion Club, where he had been a guest. While searching for car keys, Ballinger had leaned against his automobile, had emptied his pockets and placed items on the car, and had leaned against and on the vehicle immediately prior to getting into it. The shooting occurred after Ballinger got into his car.

There is no evidence of any attack on Ballinger after he and his date were in his automobile; and there is nothing to indicate that he was not able to depart from the premises. Instead, according to all of the testimony, he took his pistol from the glove compartment and shot three persons. It would be immaterial whether

Hepp was leaning over the hood of the car or was nine feet away when shot.

The first two shots fired by Ballinger struck Mrs. Beverly Campbell approximately seventeen feet away. The third shot struck James Abernatha who was approximately thirteen and one-half feet from the driver's window of Ballinger's car. The last shots fired struck Hepp. If Ballinger had been under attack from Hepp, at the window on the driver's side of the automobile, Hepp would have been shot first. And of course, it cannot be believed a scuffle had been taking place at the window on the right side of the car because Mrs. Campbell and Abernatha, who were in the opposite direction from the right window, were shot with the first three shots.

Aside from Ballinger and his date and the three persons who were shot, no other persons were in the immediate vicinity at the time of the shooting. No case of accidental or defensive shooting has been made out, and there would be no basis for believing the shooting was anything but intentional and deliberate even if the alleged newly discovered evidence is assumed to be true.

Accordingly, we must hold there has been a failure on the part of defendant to show the alleged newly discovered evidence was so material that it would probably have produced a different verdict, and there was no abuse of discretion in denying the motion for new trial.

(2) In regard to the matter of malice, the Ballinger jury was instructed:

"You will observe that in the definition of Assault and Battery with a Dangerous or Deadly Weapon, the words 'maliciously perpetrates' are used.

"The word 'maliciously' imports or implies a wish to vex, annoy, or injure another or an intent to do a wrongful act and may consist in direct intention to injure or in reckless disregard of another's rights.

"The word 'perpetrate' means to do or commit an act."

Although counsel for appellant quotes much authority on the general subject of malice, he cites no authority which condemns or disapproves of the instruction which was given in this case. He also admits no objection to the instruction was made at the time of trial. While he claims the instruction is inadequate and incorrect, he fails to show persuasive reason for such claim.

We find the substance of the court's definition for the word "maliciously" approved in Black's Law Dictionary, p. 1111 (West Publishing Co. 1951), citing Briggs v. Coykendall, 57 N.D. 785, 224 N.W. 202, 205; Rickman v. Safeway Stores, 124 Mont. 451, 227 P.2d 607, 610; Davis v. Hearst, 160 Cal. 143, 116 P. 530, 537; and People v. Vaughan, 65 Cal.App.2d Supp. 844, 150 P.2d 964, 968.

The law books contain many definitions for the word "maliciously," and we do not pretend to say the definition used is the best of all definitions. We do say, however, that appellant has failed to show sufficient reason for holding the definition which was used erroneous or prejudicial to defendant.

█ Of course, we have often said when a defendant fails to object to an instruction and to state reasons for his objection to the trial court, so that the trial court has an opportunity to pass upon the matter, the objection will not be considered on appeal. Valerio v. State, Wyo., 429 P.2d 317, 319. See State v. Woodward, 69 Wyo. 262, 240 P.2d 1157, 1163–1164.

█ Since appellant in this case has failed to cite specific authority for condemning the instruction on malice, and since no objection was made when the instruction was given, we have no hesitancy in applying the rule that defendant will not be heard to complain of such instruction on appeal.

(3) Concerning circumstantial evidence, appellant admits there was substantial direct evidence of assault and battery. He claims, however, proof that the shooting was "maliciously" perpetrated as required by the statute under which defendant was charged necessarily had to be proved, if it was proved, by circumstantial evidence. Defendant's attorney claims this court "clearly recognized" in State v. Bruner, 78 Wyo. 111, 319 P.2d 863, that proof of malice generally can be shown only on the basis of inferences from the other testimony or circumstantial evidence. Although we have no present reason to quarrel with what counsel says was recognized in *Bruner,* we fail to find the matter mentioned in the *Bruner* opinion.

Appellant argues that since malice necessarily had to be proved by circumstantial evidence, the court erred in failing to instruct on the effect of circumstantial evidence, even though no request was made at the time of trial for such an instruction.

■ The argument overlooks undisputed testimony by three witnesses that prior to the shooting Ballinger stated to Abernatha, "I'll kill you, you son-of-a-bitch." It also overlooks the general rule that a trial court is required to give an instruction on circumstantial evidence *only* when the State's case is entirely circumstantial or is wholly dependent on such evidence, and that such an instruction is not required where the evidence is both circumstantial and direct, or partly circumstantial and partly direct. Steiner v. State, Okl.Cr., 349 P.2d 56, 61–62; State v. Tolias, Mo., 326 S.W.2d 329, 336–337; Franz v. State, 156 Neb. 587, 57 N.W.2d 139, 144–145. See also 23A C.J.S. Criminal Law § 1250, pp. 610–618.

Even if we assume proof of malice rested solely on circumstantial evidence in the instant case, appellant has failed to cite authority for the proposition that the trial court was obligated to instruct on circumstantial evidence, especially where no request for such an instruction was made.

■ In State v. Morris, 41 Wyo. 128, 283 P. 406, 411, our court approved the rule that use of a deadly and dangerous weapon in a deadly and dangerous manner raises a presumption of malice. See State v. Bruner, 78 Wyo. 111, 319 P.2d 863, 870; and State v. Mares, 113 Utah 225, 192 P.2d 861, 872.

■ In the absence of a request to the trial court for such an instruction as appellant now thinks he should have had concerning circumstantial evidence, and since the trial court did not have an opportunity to pass upon the matter, we again apply the rule that defendant's objection to the lack of such an instruction will not be considered on appeal. This is especially justified in view of appellant's failure to support his contention with the citation of pertinent authority.

(4) The supplemental instruction appellan complains of in his fourth assignment of error came about when the jury, after some deliberation, requested further instructions stating: "If we are unable to reach a unanimous decision on one charge, do we vote on the next lesser charge?" The court, over an objection on behalf of defendant, instructed: "Only if you all agree to consider a lesser charge."

Appellant claims this special instruction was contrary to law and erroneous. In § 7–268, W.S.1957, it is provided:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto * * *."

Regardless of whether the court's supplemental instruction was technically correct, appellant has failed to show us wherein or how it prejudiced him. To say that, except for the instruction, the jury might have arrived at a different result would be entirely speculative.

The foreman of the jury wrote to the court: "If we are unable to reach a unanimous decision on one charge, do we vote on the next lesser charge?" That was not

to say that the jury in fact was unable to reach a unanimous decision on a particular charge. The contrary was proved by the fact that the jury did reach a unanimous decision on the offense charged.

According to the record, the case was given the jury at 4:40 p. m. Court convened with the judge and counsel on both sides present and the jury assembled at 10:05 p. m. If we assume an hour was used for the jury's evening meal and that some time was consumed in getting the judge and counsel to the court room, it will appear the jury had decided to make its request after approximately four hours of deliberation. That would hardly be sufficient for a conclusion that the jury would not, if given a reasonable time, be able to reach a unanimous decision.

In any event, it will do no harm for us to look at the alternatives to what the judge instructed. Should he have said you must consider a lesser charge whenever one or more of your number demands it; or whenever the foreman thinks you should; or whenever a *majority* of you agree to consider a lesser charge?

Perhaps the more reasonable of these alternatives would be the latter—whenever a majority agrees. But do we have a statute or rule of law which says a majority controls in matters of this kind; or has any court ever so decided? Appellant has not been helpful; he has not shown us such a statute or rule or decision.

We had occasion to say in Holm v. State, Wyo., 404 P.2d 740, 743, courts have inherent power to control the course of litigation and to adopt suitable rules therefor. Each district court is authorized by Rule 83, W.R.C.P., to make rules governing its practice, if not inconsistent with the Wyoming Rules of Civil Procedure or applicable statutes. And also, in Suchta v. O. K. Rubber Welders, Inc., Wyo., 386 P.2d 931, 933, we referred to a trial court's discretion with respect to procedure.

No comfort for appellant is to be found in § 7–268, W.S.1957, which we set forth above. It merely states the jury may find the defendant "not guilty" of the degree charged and guilty of any degree inferior thereto. It does not say how many members of the jury it takes to decide on matters of deliberation procedures. If there are cases which have decided this matter, except to say that the trial judge has a discretion in such matters, they have not been called to our attention and we are not aware of them.

Even if the court's supplemental instruction is not what another judge might have given, we think appellant has failed in his burden of showing it both wrong as a matter of law and prejudicial. Errors in instructions not injurious or prejudicial are not cause for reversal; and the appellant has the burden of showing harmful error. Rule 72(g), W.R.C.P.; North v. Williams, Okl., 366 P.2d 406, 409–410; Iowa State Savings Bank v. Henry, 22 Wyo. 189, 136 P. 863, 864; Pardee v. Kuster, 15 Wyo. 368, 89 P. 572, 91 P. 836, 837–838.

We find no reversible error in any of the four points relied on by appellant and conclude the judgments and sentences of the district court should be affirmed.

Affirmed.

GRAY, Justice (dissenting).

I am unable to accept the holding of the majority that the so-called supplemental instruction relating to the manner in which the jury should proceed in its deliberations with respect to the lesser included offenses was not prejudicial to the defendant.

It is well recognized that care must be exercised by the trial judge to refrain from making any statement or giving any directive to the jury that might tend to coerce jurors into surrendering their individual conscientious views. Jenkins v. United States, 380 U.S. 445, 85 S.Ct. 1059, 1060, 13 L.Ed.2d 957; Abbott v. Commonwealth, Ky.App., 352 S.W.2d 552, 554; People v. Baumgartner, 166 Cal.App.2d 103, 332 P.2d 366, 370. While some liberality is afforded, depending largely upon the existing circumstances, it has been said that

if there was error in this respect and there is an equal balance of reasonable probabilities which leaves the court in serious doubt as to whether such error is prejudicial to the accused in a criminal case, such doubt should be resolved in his favor. People v. Dewberry, 51 Cal.2d 548, 334 P. 2d 852, 858; Baker v. State, Okl.Cr., 432 P. 2d 935, 939. In State v. Carroll, 52 Wyo. 29, 69 P.2d 542, 563, this court said:

"* * * The trial court should not in any way attempt to influence the jury in bringing in a verdict either increasing or decreasing the penalty which might otherwise be inflicted. * * *"

and such pronouncement has application here.

The supplemental instruction here was not a so-called "get-together" instruction such as this court approved in Nicholson v. State, 24 Wyo. 347, 157 P. 1013, 1015–1016. Neither did it admonish the jury that such instruction should be considered along with all of the other instructions on the law given to the jury at the time it retired. State v. Shinovich, 40 Wyo. 174, 276 P.

172, 175. Its effect was simply to direct the jury either to convict or acquit the defendant of the primary charge when obviously the members were in serious disagreement on that charge. It is no more reasonable to say that those members voting against conviction on such charge were finally persuaded by the wisdom and convincing arguments of those for conviction, which resulted in the verdict rendered, than to say that those unpersuaded of the defendant's guilt in that respect might not have likewise prevailed upon the others to accept their views had not the trial court circumscribed the jury's discretionary power to deliberate upon the lesser included offenses. Certainly the inquiry of the jury to the trial judge could bear no other inference than that the jury, having failed to agree upon the principal charge, was desirous of proceeding to consider the lesser charges.

Under the circumstances I would hold that the giving of the supplemental instruction was error and that such error was prejudicial. I would reverse the judgment.