Boburg v. Prahl.

---

### BOBURG v. PRAHL et al.

(January 28, 1890.)

SPECIFIC PERFORMANCE — ADMINISTRATORS — APPEAL.

1. Under Rev. St. Wyo. § 3008, providing that the "heirs at law or devisees of a person who purchased an interest in land by written contract, and died before conveyance thereof to him, may compel such conveyance as the deceased might have done," the administrator of a deceased vendee cannot sue for specific performance.

2. An exception for irregularity which does not point out the error complained of is too general and indefinite.

3. Where there is testimony sufficient to sustain the finding, the supreme court will not inquire into the weight of the evidence.

Error to district court, Albany county.

Action by Anna M. S. Boburg, as administratrix de bonis non of the estate of John Boburg, deceased, against Fred Prahl and another, for specific performance of a contract for the sale of real estate. On a judgment for defendants, plaintiff brings error. Affirmed.

Rev. St. Wyo. § 3008, provides that "the heirs at law or devisees of a person who purchased an interest in land by written contract, and died before conveyance thereof to him, may compel such conveyance as the deceased might have done."

W. H. Fishback, for plaintiff in error.
M. C. Jahren, for defendants in error.

VAN DEVANTER, C. J. This was a suit in the district court of the county of Albany to compel the specific performance of a contract for the sale of real estate. John Boburg, in his life-time, entered into a written contract with Fred Prahl whereby the latter agreed to convey to Boburg certain lots in the city of Laramie upon receipt of a stated consideration, to be thereafter paid in monthly installments. Under the agreement, Boburg took possession of the lots, and made improvements thereon; but before completing the payment of the purchase price he died. The petition, after stating these facts, alleges that Anna M. S. Boburg is the widow of the decedent, and is the duly-constituted administratrix de bonis non of his estate. It also states that she has completed the payments under the contract, has demanded a conveyance from the defendant Prahl, and that he refuses to execute a deed for the premises in question. The defendants answered, and upon the trial the court found that the purchase money had not been fully paid, and gave judgment for the defendants. The plaintiff made a motion for a new trial on the following grounds: "(1) Irregularity in the proceedings of the defendant Fred Prahl, by which the plaintiff was prevented from having a fair trial. (2) That the decision and judgment of the court is not sustained by sufficient evidence, and is contrary to law. (3) Because the finding and judgment of the court is against the law and the evidence. (4) Error of law occurring at the trial, and excepted to by the plaintiff. (5) Because the finding, decision, and judgment of the court should have been for the plaintiff in said cause, and against the defendants. (6) Because the findings, decision, and judgment of the court were given for the defendants, when they should have been given for the plaintiff." The motion being overruled, the plaintiff excepted, and now brings the case here for review.

Perkins v. McDowell.

The first and fourth grounds of the motion are too general and indefinite. The irregularity and error complained of should have been clearly designated. The second, third, fifth, and sixth grounds are not well taken, as will further appear. While the sufficiency of the petition was not questioned in the court below, it is fatally defective. A suit to compel the specific performance of a contract for the sale of real estate cannot be maintained by the plaintiff in the capacity of administratrix. Such suits can only be brought by the heirs at law or devisees of the decedent, and not by the personal representatives. Rev. St. Wyo. § 3008. Even if the plaintiff had sued in her capacity as an heir of the decedent, the petition does not show that she is the only heir; and, if there are others, they should have been made parties.

On the trial, the evidence concerning the payment of the purchase price was conflicting; and, as there was testimony amply sufficient to sustain the finding, this court will not inquire into the weight of the evidence. Ketchum v. Davis, ante, 164, 13 Pac. Rep. 15. The judgment of the court below is affirmed.

CORN and SAUFLEY, JJ., concurred.