# IOWA STATE SAVINGS BANK v. HENRY ET AL.
## (No. 749.)

NEGOTIABLE INSTRUMENTS—PLEADINGS — ANSWER — SUFFICIENCY—MOTION TO STRIKE—MOTION FOR NEW TRIAL—STATEMENT OF GROUNDS—SUFFICIENCY—BILL OF EXCEPTIONS—SUFFICIENCY OF RECITAL AS TO SHOWING THE INCORPORATION OF THE EVIDENCE IN THE BILL—APPEAL AND ERROR—PRESUMPTION—SUFFICIENCY; OF MOTION FOR NEW TRIAL TO PRESENT ERROR ASSIGNED UPON INSTRUCTIONS.

1. In an action on promissory notes brought by one to whom it was alleged the notes had been indorsed before maturity for a valuable consideration, an answer alleging that the notes were given in payment for a stallion sold to defendants upon false representations and a guaranty that had failed, and that plaintiff was not an innocent holder, but took the notes with knowledge of the transaction, fraud and false representations by which they were obtained, stated facts sufficient to constitute a defense, and a demurrer thereto was properly overruled.

2. A motion to strike out an answer, directed to the answer as a whole, and not to different parts of it, was properly denied, where the answer stated facts sufficient to constitute a defense.

3. A general specification in a motion for new trial of errors of law occurring at the trial and excepted to, and other manifest errors appearing upon the record, does not direct the court's attention definitely to the matter or matters complained of, and is insufficient to present any question for consideration on error.

4. Error assigned upon the overruling of a motion for new trial on the ground that the evidence is insufficient to support the verdict and that the verdict is contrary to law, can only be considered upon all the evidence given upon the trial to be incorporated in the bill of exceptions.

5. A bill of exceptions not showing that all of the evidence was incorporated therein, but reciting merely that the bill contains all the "material" evidence, there is no presumption that all of the evidence is contained in the bill as against the presumption in favor of the regularity of the proceedings leading up to the judgment.

6. Where a bill of exceptions does not show that it contains all of the evidence, error assigned upon the overruling of a motion for new trial on the ground that the evidence is

insufficient to sustain the verdict and that the verdict is
contrary to law cannot be considered.

7. Where the rulings upon instructions complained of on error
were not specified as grounds for new trial they cannot
be considered.

[Decided December 9, 1913.]                (136 Pac. 863.)

ERROR to the District Court, Uinta County; HON. DAVID
H. CRAIG, Judge.

The action was brought by the Iowa State Savings Bank,
a corporation, against Joseph Henry and others. There was
a verdict and judgment for the defendants and the plaintiff
brought error. The material facts are stated in the opinion.

*R. S. Spence* and *T. L. Glenn,* for plaintiff in error.

The notes sued on were negotiable instruments. (Cuda-
hay Pack. Co. v. Bank, 134 Fed. 538; Crawford's Neg. Inst.
Law, (2nd Ed.) Sec. 320; Trust Co. v. Long, 120 Pac.
291; Bank v. Buttery, 17 Ann. Cas. 52; Bank v. Kinney,
83 S. W. 368; Bank v. Dolson, (Cal.) 126 Pac. 153; Ran-
dolph on Com. Paper, Secs. 111-113; Comp. Stat. 1910,
Sec. 3163; Bank v. Bilstad, 136 N. W. 205; Charlton v.
Reed, 61 Ia. 166, 16 N. W. 64; Walker v. Woolen, 54 Ind.
164; Cizne v. Chidester, 85 Ill. 524; Wilson v. Camp-
bell, 110 Mich. 580, 68 N. W. 278; Joseph v. Catron, 13
N. M. 202, 31 Pac. 439; Mo. &c. Co. v. Long, (Okl.) 120
Pac. 291; Cunningham v. McDonald, 98 Tex. 316, 83 S.
W. 372; DeGroat v. Focht, 131 Pac. 172; Bank v. Louk-
onen, 127 Pac. 947; Stitzel v. Miller, 95 N. E. 53). When
the court ruled that the notes were non-negotiable then, of
course, the defense pleaded was admissible. But the evi-
dence was insufficient, even under those circumstances, to
justify the verdict.

*P. W. Spaulding,* for defendant in error.

Several of the assignments of error cannot be considered
except it appears that they were properly brought to the
attention of the trial court by motion for new trial. (Comp.
Stat. 1910, Secs. 4601, 4604; Rule 13, Supreme Court;

Seng v. State, (Wyo.) 122 Pac. 631). Other assignments of error are not referred to in the brief and are therefore waived. This leaves but one assignment of error to be considered, viz: the denial of the motion for new trial. The third and fourth grounds stated in the motion for new trial should not have been considered by the trial court and cannot be here considered for the reason that they are insufficiently stated. (Dickerson v. State, 18 Wyo. 440, 111 Pac. 863, 116 Pac. 451; Seng v. State, 122 Pac. 631). The objection to the instructions was not brought to the attention of the District Court by the motion for new trial. The notes sued on are not negotiable. (Bank v. Heslitt, (Kan.) 113 Pac. 1052; Bank v. Gunter, 72 Pac. 842; Bank' v. Bolan, (Ida.) 93 Pac. 508; Woodbury v. Roberts, 59 Ia. 348, 13 N. W. 312; Stitzell v. Miller, 250 Ill. 72, 95 N. E. 53, 34 L. R. A. (N. S.) 1006). The bill of exceptions is insufficient to show that all of the evidence is contained in the bill, and hence the error assigned upon the sufficiency of the evidence cannot be considered.

Scott, Chief Justice.

This action was brought in the District Court of Uinta county by the plaintiff in error as plaintiff against Joseph Henry and others as defendants to recover as endorsee on two several promissory notes and interest thereon. The case was tried to a jury which found for and returned a verdict in favor of the defendants and the plaintiff brings the case here on error.

The answer consisted of an answer and counter-claim to which plaintiff filed a demurrer upon the grounds, first: "That the answer does not state facts sufficient to constitute a defense," and second: "That the alleged counter-claim does not state facts sufficient to constitute a cause of action." The court overruled this demurrer and such ruling is here assigned as error.

The petition contains two causes of action upon separate promissory notes, each dated April 18, 1908, signed, executed and delivered by the defendants to C. H. Hurd, where-

by for value received they promised to pay $875.00 on or before April 18, 1909, and $875.00 on or before April 18, 1910, respectively, with interest at 8 per cent. per annum until paid, payable at the First National Bank of Evanston, Wyoming, and it is alleged for a valuable consideration before maturity both notes were endorsed to plaintiff. The answer alleged that the notes were executed and delivered in payment for a stallion sold to defendants upon false representations and guaranty that had failed as to said stallion and denied that plaintiff was an innocent holder, but took the notes with knowledge of the transaction, fraud and false representation by which they were obtained. We think the answer stated facts sufficient to constitute a defense and that the demurrer was properly overruled.

A motion to strike out the answer and counter-claim was made which the court overruled. This ruling is assigned as error. It will be observed that this motion is not directed to different parts of the answer but to the answer as a whole. We have already held that the answer did state facts sufficient to constitute a defense and to strike out the answer in its entirety would manifestly be unjust. This motion was properly denied.

It is assigned as error that the court erred in overruling the motion for a new trial. Omitting the caption and signatures the motion is in words and figures as follows: "Comes now the plaintiff in the above entitled action and moves the court to set aside the verdict of the jury, for the following reasons, to-wit:

For the following irregularities:

1.—Insufficiency of the evidence to justify the verdict of the jury.

2.—That said verdict of the jury is contrary to law:

3.—Errors of law occurring at the trial and excepted to by the plaintiff:

4.—And for other manifest errors apparent upon the face of the record."

The third and fourth grounds of this motion are each insufficiently stated and for that reason did not definitely

direct the court's attention to the cause of complaint. (C. B. & Q. R. Co. v. Morris, 16 Wyo. 308, 93 Pac. 664; Wilson v. O'Brien, 1 Wyo. 42; Boberg v. Prahl et al., 3 Wyo. 325, 23 Pac. 70). It was said by this court in Dickerson v. State, 18 Wyo. 440, 111 Pac. 863, 116 Pac. 451, that "It has been uniformly held by this court that such a specification is too general and indefinite to show that the question was brought directly to the attention of the court below."

The first and second grounds of the motion, to-wit: that the evidence is insufficient to support the verdict and that the verdict is contrary to law, can only be considered upon all the evidence given upon the trial and which evidence should be incorporated in the bill of exceptions. (Section 4598, Comp. Stat. 1910). Such has been the uniform holding of this court. The certificate of the trial judge to the bill in this case recites that it "contains all of the *material* evidence offered, given and introduced in said cause," and it does not appear anywhere in the bill by recital or otherwise that it contains all the evidence given upon the trial. It was incumbent upon the plaintiff in error to make an affirmative showing of prejudicial error in order to entitle it to a reversal of the judgment. The presumption of the regularity of the proceedings in the trial court is indulged until the contrary is shown. It is apparent that to entitle one to a review upon an assignment of insufficiency of the evidence to support the verdict it is essential that all the evidence be incorporated in the bill. In the absence of a certificate of the trial judge so reciting or a recital in the bill to that effect there is no presumption that it does as against the presumption which obtains in favor of the regularity of the proceedings leading up to such judgment. The bill being incomplete in this respect the first and second assignments contained in the motion for a new trial cannot be here considered.

It is here urged that the court erred in refusing to give certain instructions requested by plaintiff and in giving certain instructions requested by the defendants. None of these

rulings was made a ground in the motion for a new trial and for that reason, under rule 13, cannot be considered. It follows that the judgment must be affirmed.

*Affirmed.*

BEARD, J., concurs.

POTTER, J., being ill, did not sit.