Victor SEVERIN, Appellant
(Defendant below),

v.

Alice HAYES, Appellee (Plaintiff below).
No. 3058.

Supreme Court of Wyoming.
July 3, 1962.

Edward S. Halsey, Newcastle, Halsey, Whitley, Hollaway & Liamos, Newcastle, on the brief, for appellant.

George A. Bangs of Bangs, McCullen, Butler & Foye, Rapid City, S. D., Beatrice Raymond, Newcastle, and H. F. Fellows and Joseph Butler, Rapid City, S. D., for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

In this action the plaintiff Alice Hayes sued the defendant Victor Severin on account of damages sustained by her in an automobile accident near Newcastle, Wyoming, the automobile being driven by the defendant Severin. Plaintiff alleged

that about April 30, 1959, she suffered personal injuries and physical and mental pain and suffering and loss of time, all to her damage in the sum of $75,800, and alleged that the automobile accident was caused because the defendant operated his automobile in a wanton and grossly negligent manner. The answer denied any negligence on his part, and alleged that the plaintiff was a guest while he was driving the automobile and, accordingly, he was not liable to the plaintiff under the provisions of § 31–233, W.S.1957, which provides that a guest is not entitled to recover by reason of an accident in an automobile in which a person is a guest, "unless such accident shall have been caused by the gross negligence or wilful and wanton mis-conduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton mis-conduct contributed to the injury, death or loss for which the action is brought."

The plaintiff Hayes herein suffered two compound fractures in her leg, a fractured jaw, hip injuries and cuts and bruises. After the accident she was taken to a hospital in Rapid City, South Dakota, where she stayed until June 23, 1959. She went back to the hospital several times thereafter, the last time apparently in December, 1960. The operations upon her apparently were reasonably successful, but she still labored under disabilities at the time of the trial of this case. She incurred expenses in favor of Dr. H. L. Ahrlin in the sum of $1,180 and an indebtedness to the hospital in the sum of $1,954.27. The case was tried to the court without a jury, and after the end of the trial the court found generally in favor of the plaintiff and against the defendant in the amount of $9,134.27. From this judgment the defendant Severin has appealed to this court.

The facts in the case are comparatively simple. On April 29, 1959, about 9:30 p. m., she met the appellant and one Ecklund at the so-called Corner Bar at Newcastle, Wyoming. She had a Tom Collins and appellant Severin and Ecklund had some beer.

About eleven o'clock that night, Severin and Ecklund decided to go to the Mountain Inn, a roadhouse about 12 to 13 miles west of Newcastle, Wyoming, and situated in South Dakota, and took Alice Hayes with them. About four miles east of Newcastle, there was a new bridge under construction along the regular Highway 16, and a detour was provided around the construction to the south of the road. There were signs indicating the detour. East of the detour at the state line there was a sign informing west-bound traffic of construction ahead and 350 feet east of the detour there were detour signs. At the detour there was a plank barricade with reflectors and a detour sign at a place across the road about 10 to 15 feet behind, and west of this barricade there was a large pile of gravel. The three persons above mentioned went to the Mountain Inn in appellant's automobile, a 1954 sedan, which appellant was driving. The speedometer was entirely out of repair. However, it does not appear that the appellant drove at an excessive speed going to the Mountain Inn. When they arrived at the Mountain Inn the appellee and appellant danced several times, and after a few minutes appellee and appellant left the inn and traveled on a road toward Custer, South Dakota, but they came back some 45 minutes later, and told Ecklund they were ready to drive back. Soon thereafter they started back toward Newcastle, Wyoming. In driving west, as already stated, there was a sign at the state line which is some distance east of the detour above mentioned showing construction ahead. Then there was a caution sign some 300 feet east of the detour, but the appellant disregarded these signs and instead of taking the detour crashed into the plank barricade, and his car stopped in the pile of gravel west of the detour. A highway patrolman was called and he arrived soon after the accident. He testified that Severin had had a little too much to drink to be driving a motor vehicle; his eyes were blurry, his talk was a little bit slurred, and there was a strong odor of liquor on his breath and also in and around the car. He arrested the

appellant and took him to Newcastle. The appellant was charged with driving a car under the influence of intoxicating liquor and also for reckless driving, to both of which charges the defendant pleaded guilty.

Defendant himself testified that he pleaded guilty to reckless driving and driving while intoxicated because he had no money with which to defend the accusations and because if he stayed to defend the action he would lose his job and he did not want to do that. In that connection the testimony of appellant shows as follows:

"A Well, I certainly had to get back to work.

"Q Is that your only explanation of entering a plea of guilty to something you weren't guilty of? A I don't know how to answer that.

"Q You were guilty weren't you of the charge? A I plead guilty. * * *

"Q You were guilty weren't you? You were guilty, were you not? A I plead guilty. * * *

"Q Answer my question, you were guilty, were you not? A Yes, sir."

The plaintiff testified that in driving toward the place of the accident, the appellant drove at an excessive speed. She asked him several times not to drive so fast, that she would prefer that it would take all night getting back to Newcastle rather than to have some accident happen. When she asked the appellant to drive more slowly he complied for a little time but soon thereafter he again increased his speed and upon arrival at the barricade of the road he was driving between 75 and 90 miles an hour.

Counsel for the appellee herein contend that the evidence is sufficient to sustain the judgment by reason of: (a) Excessive speed of the appellant; (b) protestations of appellee; (c) drinking of intoxicating liquor by the appellant; and, (d) his admissions against interest by pleading guilty to reckless driving and driving while intoxicated. Each of these facts is sustained by substantial evidence in the case as above noted.

■ The record shows conflicting evidence on these points, and counsel for appellant argue that this conflicting evidence should be controlling herein. For instance, Ecklund and Irma Lampert and Olive Lampert testified that appellant was not intoxicated. A great deal of stress is laid on the point of excessive speed. We need not refer to every item mentioned in this connection by counsel for appellant. It is argued that appellee by her own admission was inexperienced in judging speed. But since the speedometer was out of repair, appellant and Ecklund were not in a much better position in that respect than was appellee. There was testimony that the car weaved and shimmied when driven at a rapid speed. It is not unlikely that such weaving was partially the reason appellee thought the speed too great and caused her to make her protests. Counsel argue that if the speed at the detour had been as specified by the plaintiff, someone would have been killed. They call attention to the fact that the patrolman judged the speed of the appellant's automobile to be about 35 to 40 miles an hour when it hit the pile of dirt. He based that opinion on the damage and the injuries sustained. He testified that the automobile was pretty well smashed in. The injuries to plaintiff were rather severe. She used crutches at the time of the trial. Ecklund broke his left arm and defendant had some bruises. It is not at all unlikely that the damages and injuries were mitigated by reason of the car landing in soft material, namely a sand pile. Counsel also mention the fact that one C. G. Ruffert, a claims investigator, testified that he had an interview with plaintiff a few days after she went to the hospital in which she stated that she didn't recall the speed and that she felt safe and comfortable. However, the witness also stated that she had said while in the car, "We have all evening, I just as soon take all evening getting home." There was no occasion for such a remark as that if as a matter of fact

the plaintiff had felt that there was no excessive speed. Furthermore, this conversation was held at the hospital a few days after she was admitted and when doubtless plaintiff was in great discomfort so that not a great deal of reliance can be placed upon the testimony given by the witness Ruffert. In any event the credibility of the witnesses and the weight to be given to their testimony was a matter for the trial court. Counsel say that the testimony of Ecklund, the patrolman, and Ruffert should not be disregarded. There is no indication in the record that the court did not fully consider all the testimony admitted in the case and gave it the credit to which the court considered it to be entitled. What counsel in effect argue is that the testimony on the part of the witnesses just named should be accepted rather than testimony given by and on behalf of plaintiff. But the trial court was not bound to consider the testimony in that light. Counsel seem to have forgotten the rule often announced by this court that a reviewing court must assume that evidence in favor of the successful party is true and leave out of consideration entirely evidence of the unsuccessful party in conflict therewith and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. Lasich v. Wimpenney, 73 Wyo. 345, 278 P.2d 807. Under this rule, the court was not wrong in accepting the testimony on behalf of the plaintiff if such testimony was substantial, and we think it was.

■ Counsel for appellant do not argue that Severin was not negligent, but they insist that he was not guilty of gross negligence as contended by counsel for the appellee. The question as to what constitutes gross negligence was discussed at length in the case of McClure v. Latta, Wyo., 348 P.2d 1057. In that case we reviewed the various cases decided on the

point by this court and concluded that gross negligence is somewhat greater than ordinary negligence and somewhat less than willful, wanton and reckless conduct. We need not review the cases again. In the McClure case we held that what constitutes gross negligence is ordinarily a question of fact. We cited 10A Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.1955), pp. 624–626, in which the author states:

"Gross negligence is generally a question of fact for the jury or for the trial court sitting without a jury, and it becomes a question of law only when it is clear that but one conclusion can be drawn. If reasonable minds might draw different conclusions from the evidence, the question is for the jury."

■ We do not think that it is possible for us to say that it is clear that but one conclusion can be drawn, but we think that reasonable minds might draw different conclusions from the evidence in the case and that hence the conclusion arrived at by the trial court is conclusive herein.

■ Counsel for appellant argue that the plea of guilty to reckless driving and driving under the influence of intoxicating liquor can be given no evidential weight and cite us to the case of Wade v. Reimer, Okl., 359 P.2d 1071. All that the court decided in that case was that the plea of guilty was not conclusive evidence but that the evidence serves to show a deliberate admission or declaration against interest and the ultimate question of negligence remains one for the jury. It is clear that this case is of no help in solving the questions herein.

It follows from what we have said that the judgment of the trial court should be and is affirmed.

Affirmed.