**Jerry CEDERBURG, Appellant (Defendant below),**

v.

**Joe CARTER, Appellee (Plaintiff below).**

**No. 3719.**

Supreme Court of Wyoming.

Dec. 20, 1968.

Bard Ferrall, Cheyenne, for appellant.

Joe R. Wilmetti, Rock Springs, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

On trial to the court without a jury, judgment was awarded to Joe Carter for personal injuries sustained in an accident when Carter was riding as a guest in an automobile driven by Jerry Cederburg. Defendant-Cederburg has appealed.

Parties agree Carter was riding as a guest passenger in Cederburg's car and that plaintiff can recover only on a finding of gross negligence on the part of defendant, the Wyoming guest statute being applicable.

Points relied on by appellant for reversal are: (1) The judgment is not supported by substantial evidence of gross negligence; (2) the trial court erred in prohibiting certain cross-examination; and (3) the trial court erred in accepting the opinion of a 14-year-old boy as to the speed of defendant's car.

*Point 1.* Following the accident an insurance adjuster for the insurance carrier on the Cederburg automobile took statements at the hospital from Carter and from a companion, who also was riding as a guest in Cederburg's automobile at the time of the accident. Both statements contained language indicating no complaint about Cederburg's driving was made prior to the accident; that Cederburg drove like the rest of us—good; that he drove at about 50 miles per hour; and that he lost control of his Corvair car on a turn and hit a pole.

At the trial, both Carter and his companion testified Carter told Cederburg to slow down; that he (Carter) was too young to die and had babies to raise first.

Also, Carter testified he had a conversation with Cederburg after the accident and Cederburg admitted he was going 70 miles per hour. Carter further testified he looked at the speedometer just before the curve and the speed was 70 miles per hour. The companion did not look at the speedometer. He testified Cederburg went at least 50 up Ridge Avenue; that we got to the curve and "I guess we were just going too fast to make it and we didn't make it."

Although appellant has not attempted to cite authority to support his Point 1, it seems to be his position that the trial court should have accepted the signed statements of Carter and his companion and disregarded their oral testimony. This position ignores that the signed statements were not under oath whereas testimony adduced at the trial was sworn to be the truth.

█ We consider it sufficiently axiomatic not to require authority for the proposition that it is within the prerogative of the trier of fact to decide what evidence is most dependable. As long as there is substantial evidence of gross negligence, we will not set aside a finding of such negligence by the trier. As stated in Zimberg v. United States, 1 Cir. (1944), 142 F.2d 132, 136, cert. den. 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573, a witness' unsworn statement inconsistent with testimony given in court only affects credibility of the witness.

█ In this particular case, we have no reason to believe the trial court relied solely on the trial testimony of Carter and his companion in deciding that Cederburg was grossly negligent. There was physical evidence of damage; and it was apparent that defendant, without other traffic or distracting influences, was driving fast enough that he was unable to make a curve. Also despite a street 36 feet 3 inches wide, defendant went outside the street to his left over the curb, striking a utility pole near the center of the front of the car with sufficient force to break the pole. These things tell a story of negligence to such an extent that a trier might reasonably find such negligence to be gross negligence.

█ As we have often said, ordinarily the question of negligence, whether slight or gross, is one of fact to be decided by the trier. Altergott v. Story, Wyo., 388 P.2d 196, 198; Severin v. Hayes, Wyo., 372 P. 2d 1017, 1020; McClure v. Latta, Wyo., 348 P.2d 1057, 1062.

█ *Point 2.* Concerning appellant's Point 2, the transcript of testimony discloses the following transpired during re-cross-examination of the plaintiff:

"Q. * * * Now, since you have been talking about speed, I am going to ask you a very simple question and you can answer it any way you want to. Do you think you could even turn this car to the right at 60 miles an hour? MR. WILMETTI: Objection, this definitely calls for a conclusion, he's never driven this car.

"THE COURT: Objection sustained."

At this point it appears counsel continued to insist on an answer from the witness. Whereupon the following took place:

"THE COURT: I sustained the objection, Mr. Ferrall. MR. FERRALL: I don't know how you can offer to prove on cross-examination, but I would like to make an offer of proof, Your Honor, if this witness does volunteer that you couldn't turn this car going 60 miles an hour down that street. A. I didn't say nothing.

"THE COURT: I don't think he said anything on that, but if you want to make an offer of proof you can. MR. FARRALL: I don't know how you could make an offer of proof. I won't try.

"THE COURT: All right. MR. WILMETTI: That's all, thank you. THE COURT: Are you through now with this witness for everything?

(WHEREUPON, the witness was excused.)"

Appellant's contention seems to be that the court would not allow cross-examination of Carter on the speed of the car when it turned the corner. The record does not show, however, that cross-examination was

foreclosed. The particular question asked appears to have been argumentative in nature, and it was doubtless considered by the trial judge to call for a conclusion of the witness. The judge as trier was capable of judging for himself whether a person could make the turn in question at 60 miles per hour, and the witness' opinion would have added nothing.

In any event, appellant fails to show us, either by authority or reason, how the ruling could have been prejudicial to defendant. On appeal, the appellant has the burden of showing harmful error. Iowa State Savings Bank v. Henry, 22 Wyo. 189, 136 P. 863, 864; Pardee v. Kuster, 15 Wyo. 368, 89 P. 572, 91 P. 836, 837–838.

*Point 3.* In connection with his Point 3, appellant claims the trial court erred because, over the objection of defendant, the court permitted a boy who was 14 years old at the time of the accident to give his opinion on the speed of defendant's car. The boy was approximately 16 years of age when he testified. He was working at a filling station and testified he drives and had driven prior to the time of the accident. At the time of the accident the witness was on a bicycle some 100 yards away. He saw the car turn into the street he was on and hit the utility pole. The witness expressed an opinion that defendant's car was going probably 60 anyway.

Appellant recognizes that a person of ordinary intelligence is competent to testify as to the rate of speed of a moving vehicle if he "had an opportunity for observation." Not only does counsel for appellant question the age of the witness at the time of the accident but he also questions his opportunity to observe defendant's car during the brief interval between the time when defendant turned into the witness' street and the time when defendant hit the pole.

Argument is made that this testimony is not one of the opinion estimates permitted by Colwell v. Anderson, Wyo., 438 P. 2d 448. In Colwell, at 438 P.2d 451, we quoted with approval from McClure v. Latta, Wyo., 348 P.2d 1057, 1060, to the effect that the testimony of nonexpert witnesses, who had not made speedometer readings, was competent to be admitted for such weight as the jury might determine should be given to it in conjunction with all of the facts brought out at the trial.

Without saying it would have been erroneous in this case for the court to exclude the testimony of the boy as to speed, it is sufficient to apply the rule concerning nonexpert witnesses which is stated in 21 Am.Jur.2d, Expert and Opinion Evidence, § 25, pp. 522–523. This rule is that the determination of whether a nonexpert witness has sufficient knowledge of the matter in question, or had sufficient opportunity for observation, so as to be qualified to give his opinion or conclusion, is largely within the discretion of the trial court, and will not ordinarily be disturbed on appeal unless it is clearly and prejudicially erroneous. See Lee v. Crittenden County, 216 Ark. 480, 226 S.W.2d 79, 82; Pickett v. Cooper, 354 Mo. 910, 192 S.W.2d 412, 416; and In re Hartz' Estate, 237 Minn. 313, 54 N.W.2d 784, 788.

Whether an eyewitness has had sufficient opportunity to observe and is sufficiently qualified to express an opinion as to speed are matters affecting the weight and not the admissibility of the witness' testimony. Sage v. Royce, 223 Or. 590, 354 P.2d 295, 297; Clevenger v. Fonseca, 55 Wash.2d 25, 345 P.2d 1098, 1104–1105; Davis v. Lavenik, 178 Or. 90, 165 P. 2d 277, 279; Schwenger v. Gaither, 87 Cal. App.2d 913, 198 P.2d 108, 109.

We find no reversible error in connection with the points raised on appeal.

Affirmed.