Fern BARGER, Appellant,

v.

The BOARD OF TRUSTEES OF SCHOOL
DISTRICT NO. 3, GOSHEN COUNTY,
Wyoming (Robert Erickson, Paul Covello,
James Fuller, Harold Brethour, O. C. Kil-
debeck, Joseph Maier), Appellee.

No. 3993.

Supreme Court of Wyoming.

March 8, 1972.

Charles E. Graves, of Graves, Smyth &
Reeves, Cheyenne, for appellant.

George P. Sawyer, Torrington, for ap-
pellee.

Before McINTYRE, C. J., and PAR-
KER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

The Board of Trustees of School Dis-
trict No. 3, which includes Torrington, in
Goshen County, terminated the contract of
Mrs. Fern Barger, a continuing contract
teacher. The matter was taken to the Dis-
trict Court of Laramie County for admin-
istrative review and that court upheld the
action of the board. Mrs. Barger has ap-
pealed to this court.

The Wyoming Teacher Employment
Law is contained in §§ 21.1–151 to
21.1–164, W.S.1957, 1971 Cum.Supp. Sec-
tion 21.1–156 specifies that a continuing
contract teacher shall be notified of a rec-
ommendation of termination by the super-
intendent or any member of the board;
and termination under such recommenda-

tion, if approved by the board, will be effective at the end of the contracted school year.

Section 21.1–160 states the board may suspend or dismiss any teacher "for incompetency, neglect of duty, immorality, insubordination, or any other good or just cause." Mrs. Barger was discharged for incompetency. Her attorney agrees a school board is and should be permitted to terminate an incompetent teacher. He also agrees proper notice and proper hearings were afforded the teacher in this instance.

Appellant's complaint on appeal is that insufficient evidence of incompetency was presented to the board, at the hearings afforded her; and the board therefore acted arbitrarily in terminating her contract.

We find ample evidence in the record for the board's decision. It is of course not for us to pass upon the weight of such evidence, and we will not pretend to say whether we would have reached the same decision as the board did.

Although we have indicated what our holding is concerning the sufficiency of evidence, we think we should comment on some of the questions raised by appellant pertaining to the quality and quantity of such evidence.

The first hearing for Mrs. Barger was conducted by the board of trustees April 2, 1969. The board made findings of fact and conclusions of law and acted to terminate the teacher's contract. Mrs. Barger then applied to the district court for administrative review. In the review proceedings appellant sought to offer additional evidence in order to show that her principal, Clarence L. Ward, had written a favorable letter for her and filled out a form recommending her for employment as a teacher in Nebraska. Mr. Ward had testified to her incompetency at the April 2, 1969 hearing.

In view of this development, the district court remanded the matter back to the administrative agency, the board of trustees of the school district, with instructions to consider the documents in question; to ex-

amine Mr. Ward with respect to them; and to reconsider the board's decision if it saw fit to do so.

A second hearing was then held before the board and Mr. Ward testified. He explained that he still considered Mrs. Barger incompetent to teach in the Torrington school system; that he thought she would be sufficiently qualified to teach in a rural school; and that was all he was recommending her for in Nebraska.

The board approved its original action and again ordered termination of the Barger contract. The matter then went back to the district court for its review. That court found the board had acted with sufficient evidence of incompetency before it; and that its action was not arbitrary. The action of the board was upheld and the matter was appealed for our review.

Appellant argues that the documents signed by Ward for Mrs. Barger, in connection with her application in Nebraska, completely impeached all of his testimony before the board pertaining to the lack of competency of Mrs. Barger; that such documents refuted his rating system totally; and that the courts on review must totally disregard the testimony of Mr. Ward.

The documents which appellant claims should totally impeach Ward's testimony were not sworn to, whereas his testimony before the board was sworn to be the truth. We pointed this difference out in a similar situation in Cederburg v. Carter, Wyo., 448 P.2d 608, 610. There, we also pointed out that it is within the prerogative of the trier of fact to decide what evidence is most dependable. Our conclusion in that case was that a witness' unsworn statement inconsistent with testimony given in court only affects credibility of the witness.

Although a court trial was involved in *Cederburg*, there is no reason why the same principles will not apply in a hearing before an administrative agency. We therefore say and hold Ward's testimony, which was given to the board, was compe-

tent and the board was entitled to believe him if it chose to do so.

In the Torrington school system there is an annual evaluation of teachers. A year before her discharge, Mrs. Barger was rated low, with a recommendation that she be retained conditionally for another year. Certain deficiencies were to be overcome and during the year she was given special help. Nevertheless, after another year, the school administrators recommended her termination.

■ In addition to Ward's testimony, the Elementary Coordinator for the Torrington school system testified. He discussed his observations of appellant in a supervisory capacity. It would be foolish for us to attempt to review in detail all of the aspects of the evaluation reports concerning Mrs. Barger and all of the testimony of incompetency offered by her principal and the elementary coordinator. Suffice it to say, we have reviewed the evidence and find it sufficient to establish incompetency on the part of Mrs. Barger quite definitely and in an affirmative manner.

We understand counsel for appellant to be arguing that Mrs. Barger's contract was terminated because she was incompetent "under the standards of the board"; that the board must first set and make known its standards; also that the record is void of any basis for the opinions of the school administrators who testified that Mrs. Barger was incompetent.

■■ We find no merit in any of these contentions. The record does not bear them out in fact, and none of the authorities cited on behalf of appellant support such contentions. Ample reasons were given by the administrators for their opinions. Also, we know of no reason why a school board cannot and should not rely upon evaluations made by administrators, who are hired for purposes such as evaluating the work of teachers and administering school systems in general.

The contract of Mrs. Barger was terminated because the school board, based on the evidence before it, found her incompetent. The legislature has not prescribed guidelines for determination of incompetency, and we do not propose to do so. Also, the legislature has not seen fit to require school boards to fix and make known a set of guidelines before it can make a finding of incompetency. We will not impose such a requirement.

The district court was correct in finding there was good cause for the action of the board of trustees.

Affirmed.