**Dennis McCARTHY,
Appellant (Plaintiff),**

v.

**WHITLOCK CONSTRUCTION AND
SUPPLY, Appellee (Defendant).**

No. 84–211.

Supreme Court of Wyoming.

March 6, 1986.

Dick L. Kahl (argued) and Tracy J. Copenhaver of Copenhaver & Kahl, Powell, for appellant.

James M. Guill of Goppert & Olson, Cody, for appellee.

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

* Retired November 1, 1985.

** Retired November 30, 1985.

CARDINE, Justice.

This was an action by appellant to recover damages for injuries suffered as a result of his tripping and falling into an open trench while crossing a street project being constructed by appellee. A verdict apportioning the comparative negligence in the accident, 85% to appellant and 15% to appellee, was returned by the jury. During the course of trial the court ruled that several exhibits offered by appellant as evidence of applicable safety standards in the construction industry were not admissible. Appellant has appealed claiming the effect of this ruling was to prevent him from establishing that appellee had breached the applicable standard of care by failing to provide adequate warnings or barricades for the protection of pedestrians around the construction site. Our review of the record has not established the asserted error as prejudicial, and we affirm.

Appellant states the issues to be:

"1. The District Court improperly imposed a 'locality' rule and a rule of local custom to exclude testimony concerning industry safety standards.

"2. The District Court improperly excluded evidence of industry safety codes and standards promulgated by the construction industry, the federal government and the National Safety Council in that such standards and codes contained material, relevant and competent evidence of proper safety management of construction site."

Our discussion will be confined to the second issue which we deem to be determinative of the appeal.

Dennis McCarthy, appellant, was employed as a journalism instructor during the fall semester of 1982 at Northwest Community College in Powell, Wyoming. On September 9, 1982, appellant was crossing Seventh Street which bisected the campus on his way from his office to the administration building when he fell and was injured.

At the time appellant was injured, Seventh Street was in the process of being reconstructed by appellee, Whitlock Construction and Supply. While school was in session the campus was occupied by approximately 2,000 students, faculty and staff members who were frequently required to cross the construction site due to its central location. The project called for appellee to perform site preparation and grading prior to repaving, including installing curbs, gutters, lighting, and an irrigation system for pedestrian islands called for by the plans. At the time of appellant's injury, appellee had dug trenches which were approximately two feet wide and two feet deep to install electrical and irrigation systems. These trenches were bordered by a series of stakes with string running between at a height of approximately six inches off the ground. It was appellant's theory that he had tripped over the stakes and string falling into the open trench. Two plywood crosswalks over these trenches had been installed by appellee; however, these were not used by appellant at the time of the accident. Other than providing the two crossings over the trenches, appellee took no additional precautions to direct pedestrian traffic through the construction site.

A complaint alleging appellant was injured as a result of appellee's negligence in failing to provide adequate warnings or notice of its placement of the stakes and string near the trenches was filed on April 18, 1983. In its answer, appellee denied any negligence and asserted appellant's own comparative negligence as a defense. The matter was tried before a jury beginning on June 21, 1984. The jury returned a verdict in favor of appellee on June 26, 1984, allocating the percentages of negligence at 85% for appellant and 15% for appellee. Judgment on the verdict was entered July 17, 1984. From this judgment appellant appeals.

At trial appellant sought to introduce excerpts from safety manuals published by the Federal Highway Administration, the National Safety Council, and the Associated General Contractors of America as exhibits during the testimony of his expert witness. These documents set forth rec-

ommended safety measures for the avoidance of pedestrian accidents during roadway construction and excavations. Appellant contends that, as a result of the court's refusal to admit these exhibits into evidence, he was prevented from establishing that appellee breached its duty of care by not complying with recognized safety standards in the construction industry. Specifically, it is argued that the trial court improperly imposed a "locality rule" standard by which to judge the reasonableness of appellee's conduct which was lower than that required in the construction industry generally.

The record with respect to the introduction of these exhibits at trial reflects that they were originally admitted into evidence after being used by appellee during its direct examination of the city engineer for the city of Powell.[1] That witness testified that the standards set forth in those exhibits had not been officially adopted by local ordinance.

Appellant attempted to make further use of these exhibits during his examination of his expert witness, a consulting engineer specializing in safety and human practice engineering. This expert was allowed to identify the exhibits as generally accepted safety standards in the construction industry which, while not mandatory, were recognized and accepted by those in the industry.

Appellee's counsel was allowed to voir dire the witness on the applicability of those standards as they related to construction projects in Powell, Wyoming, in 1982, at the conclusion of which the court withdrew the exhibits from evidence stating:

"I am saying simply, you cannot charge the defendant in this case with a degree of care or skill higher than that existed or applied to all other contractors of a similar nature at the time the accident took place. That does not mean you cannot elicit an opinion from your expert for whatever weight that may have, at least at this time."

As required by Rule 103(a)(2), W.R.E.,[2] appellant made an offer of proof stating that the exhibits were admissible as evidence of what a reasonable, careful contractor would have used for proper signs, barricades and guard line on the project "to provide safety for the traveling public, pedestrians and for the protection of private property" as required by the Powell city ordinance at the time of the accident. The court did not rule on the offer of proof, but the exhibits were not reintroduced into evidence.

■■■ The trial court erred in not admitting the exhibits into evidence. See, Annot., 58 A.L.R.3d 148 (1974). See also *Ruhs v. Pacific Power & Light*, 671 F.2d 1268 (10th Cir.1982). Our review of the record, however, convinces us that such error was harmless and does not mandate reversal.

One of the more difficult concepts to explain to dissatisfied litigants is that they are entitled only to a fair trial and not one which is error free. Our standards of appellate review require reversal only where an asserted error is prejudicial to a substantial right of a party affected. *37 Gambling Devices (Cheyenne Elks Club and Cheyenne Music and Vending, Inc.) v. State*, Wyo., 694 P.2d 711 (1985); *Anderson v. Bauer*, Wyo., 681 P.2d 1316 (1984); and *Herman v. Speed King Manufacturing Company*, Wyo., 675 P.2d 1271 (1984).

\* \* \* \* \* \*

"(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

---

1. The appellee was allowed to call the city engineer as his own witness after he had testified for appellant in order to avoid the witness having to be recalled to testify on appellee's behalf. See Rule 611, W.R.E.

2. Rule 103(a)(2), W.R.E., provides:
 "(a) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

Our rules of appellate procedure phrase the concept as follows:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 7.04, W.R.A.P. Accord Rule 103(a), W.R.E., supra, n.2.

 It is the burden of the appellant to establish an error as prejudicial. *Herman v. Speed King Manufacturing Company*, supra; *Cervelli v. Graves*, Wyo., 661 P.2d 1032 (1983); and *Cederburg v. Carter*, Wyo., 448 P.2d 608 (1968). We have held that

" 'for an error to be harmful, there must be a reasonable possibility that in the absence of error the verdict might have been more favorable [to the losing party].' " *Herman v. Speed King Manufacturing Company*, supra, 675 P.2d at 1278, quoting *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925, 935 (1981).

Evidentiary rulings are largely within the discretion of the trial court. In order to determine the harmful effect of such rulings, we have examined them in the context of all the evidence at trial. In the present case, our review does not support appellant's claim of prejudice.

At trial appellant's expert was allowed to render an opinion as to what would have been proper signs, barricades and lighting to properly safeguard pedestrians crossing the construction site. It was his opinion that a reasonably careful contractor would have used barricades, crosswalks, and warning signs to direct the flow of pedestrian traffic safely through the area. It was further his opinion that the two plywood crosswalks over the trench were not safe. A continuous path through the construction site was not provided, and pedestrians were allowed to stray off the pathways into hazardous areas. In addition, a second expert witness, a general foreman for a Wyoming construction company, was allowed to testify as to what a reasonably careful contractor should do to channel pedestrian traffic through the job site. That witness also indicated that what was done by appellee was inadequate.

At the conclusion of trial the court instructed the jury, in part, as follows:

"You are hereby instructed that a contractor who undertakes a project in or near a sidewalk or street is under a duty to exercise reasonable care for the protection of those rightfully in the proximity of the work. The contractor has a duty to guard, or maintain proper signs, barriers, lights or other warning signals as needed or reasonable under the circumstances at all times in order to provide safety for the traveling public and pedestrians around dangerous obstructions, excavations, or other hazards existing at the work site,"

and

"You are hereby instructed that at the time of the occurrence, the City of Powell had enacted Ordinance No. 20.3–202 relating to excavation in streets and alleys providing as follows:

" 'The following general conditions shall control construction projects or work in, upon or under roads, streets, alleys, sidewalks, or other public ways or within dedicated easements or rights-of-way within the City':

" '6. Work sites shall be provided with proper signs, barricades and lighting at all times to provide safety for the traveling public, pedestrians and for the protection of private property.'

"Powell City Ordinance § 20.3–202 sets forth a standard of conduct for a reasonable man engaged in the business of street construction, which standard of conduct is designed to protect pedestrians, the traveling public and private property, and if you find that the Defendant Whitlock Construction and Supply did not comply with the provisions of § 20.3–202 of the Powell City Ordinances, then you must find that the Defendant Whitlock Construction and Supply was negligent."

A major area of factual dispute during the trial was whether appellant was injured as a result of tripping over the cord string at ankle height along the trench. During

the course of its deliberations, the jury sent a note to the judge requesting instructions on how to answer an interrogatory on the verdict form to reflect their finding that while they found appellant negligent, they did not believe he had met his burden of establishing by a preponderance of the evidence that he tripped over the stakes and cord. An appropriate modification and finding was made on the verdict, and appellant did not object when it was returned. After less than four hours of deliberation the jury returned a verdict finding appellant 85% negligent and appellee only 15% negligent.

Appellant does not demonstrate how, in the absence of the asserted error, the trial result may have been more favorable. In a similar context, where the issue was whether certain ski safety manuals should have been received into evidence, the Tenth Circuit Court of Appeals held:

"Although the trial court might well have received the documentary evidence as to the uphill-downhill relationship (and even though this writer would have preferred such action), since oral testimony concerning it was received, we do not regard the court's action as prejudicial error. Under more aggravated circumstances we might take a different view as to the rejection of the guides being prejudicial." *LaVine v. Clear Creek Skiing Corporation*, 557 F.2d 730, 734 (10th Cir.1977).

Affirmed.

ROONEY, Justice, specially concurring.

I concur in the result reached by the majority opinion on the basis that it is immaterial whether or not the exhibits were improperly excluded inasmuch as the exclusion did not prejudice appellant. I believe it is unnecessary to decide the question of proper or improper exclusion in this case and consider the majority holding on that issue to be dicta. It may or may not be accurate, but I am not ready to address it in this case.

ROSE, Justice, dissenting.

I am unable to agree with the holding of the majority that the trial court's refusal to admit into evidence nationally recognized safety standards amounted to harmless error. Had the trial court admitted the safety standards, the jury might well have measured appellee's conduct against a higher standard of care and rendered a verdict more favorable to appellant. The trial court's error, therefore, prejudiced appellant, and he is entitled to reversal and a new trial. See *Herman v. Speed King Manufacturing Company*, Wyo., 675 P.2d 1271, 1278 (1984); *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981).

We have held in the past that a defendant's conduct must always be gauged against a standard of *due care*, as determined by the jury, and that local customs or practices cannot establish a standard of care conclusively binding upon the jury. *Pan American Petroleum Corporation v. Like*, Wyo., 381 P.2d 70, 75–76 (1963). The trial court in the instant case improperly bound the jury to a reduced standard of care (1) by refusing to admit safety standards not specifically required by the City of Powell; (2) by declining to charge appellee with a higher degree of care than that practiced by similarly situated contractors; and (3) by instructing the jury that

"Powell City Ordinance § 20.3–202 sets forth a standard of conduct for a reasonable man engaged in the business of street construction * * *." Instruction No. 8.

This restriction upon the jury's ability to apply the appropriate standard of care clearly prejudiced appellant. If the jury had been permitted to measure appellee's conduct against a higher standard, a reasonable possibility exists that the jury would have attributed a higher percentage of the total negligence to appellee, with a concomitant reduction in the percentage of total negligence assigned to appellant. The verdict in such case might well have been more favorable to appellant.

In support of their finding of harmless error, the majority note that the jury failed to find that appellant's injuries resulted

from his tripping over the stakes and cord surrounding the trench. The essential question in this case, however, is not whether appellant's tripping over the cord caused his damages, but whether appellee's breach of duty (i.e., failure to take adequate protective measures at the construction site) caused appellant's damages. In this regard, the jury specifically found that appellee negligently maintained its work site and that such negligence proximately caused appellant's injuries.

Thus, appellant established all of the elements of his cause of action in negligence against appellee. He failed to recover, however, because his assigned negligence exceeded that of appellee. I would reverse this case to afford appellant the opportunity to establish the proper standard of care in light of all of the relevant evidence and to permit the jury to determine the relative degrees of negligence based on such appropriate standard of care.